# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JUSTIN T. LEBRUN** | **CIVIL ACTION** |
| **VERSUS** | **No. 18-7722** |
| **CBS BROADCASTING, INC. ET AL.** | **SECTION I** |

## ORDER & REASONS

Before the Court is plaintiff Justin T. LeBrun's ("LeBrun") motion[1] to remand his lawsuit to the 34th Judicial District Court of St. Bernard Parish. This case was removed to this Court based on diversity jurisdiction by defendants CBS Corporation, improperly referred to in LeBrun's petition as CBS Broadcasting, Inc., ("CBS") and Danni Productions, LLC ("Danni Productions") (collectively, the "defendants").[2] LeBrun asserts that defendants' removal was untimely. For the following reasons, LeBrun's motion is granted.

### I.

This lawsuit arises from a staged armed robbery. LeBrun was employed by defendants on or about October 18, 2017 as a paid actor on the set of NCIS: New Orleans.[3] LeBrun was cast as an "armed robber" who would rob a jewelry store.[4] LeBrun alleges that defendants were negligent in not informing police of the staged armed robbery because LeBrun was eventually confronted by New Orleans police

---

[1] R. Doc. No. 9.
[2] R. Doc. No. 1; R. Doc. No. 17.
[3] R. Doc. No. 1, at 2; R. Doc. No. 1-2, at 1.
[4] R. Doc. No. 1, at 2; R. Doc. No. 1-2, at 1.

officers with guns drawn, believing that an actual armed robbery was taking place.[5] LeBrun alleges that this apparent lack of communication caused his damages, including mental pain and anguish, physical pain and suffering, loss of enjoyment of life, and medical expenses.[6]

LeBrun filed this lawsuit in the 34th Judicial District Court of St. Bernard Parish in February 2018.[7] LeBrun served CBS with the initial petition on March 22, 2018,[8] and served Danni Productions with the first amending and supplemental petition on June 14, 2018.[9] Before Danni Productions was served with the amended state court petition, counsel for CBS deposed LeBrun on June 11, 2018, wherein LeBrun asserts that his "alleged harms and losses were discussed in detail."[10] That same day, LeBrun presented CBS with a settlement demand exceeding $75,000.[11]

Defendants state that on July 30, 2018, they received a response to a subpoena duces tecum, which included a letter from LeBrun's doctor, Dr. Dilks, to LeBrun's former counsel, Jacob Goehring, describing LeBrun's condition and treatment recommendations.[12]

---

[5] R. Doc. No. 1, at 2; R. Doc. No. 1-2, at 2.
[6] R. Doc. No. 1, at 2; R. Doc. No. 1-2, at 2.
[7] R. Doc. No. 1; R. Doc. No. 1-2.
[8] R. Doc. No. 1, at 2; R. Doc. No. 1-3; R. Doc. No. 1-4.
[9] R. Doc. No. 1, at 2; R. Doc. No. 1-4. LeBrun's first amended and supplemental petition, which was filed on May 17, 2018, added Danni Productions as a defendant.
[10] R. Doc. No. 9-1, at 2.
[11] R. Doc. No. 9-1, at 2; R. Doc. No. 12, at 2.
[12] R. Doc. No. 1, at 3; R. Doc. No. 1-5, at 3–4.

Defendants filed their notice of removal on August 15, 2018, asserting that LeBrun's claim likely exceeds $75,000 "based on the allegations in [LeBrun's] petition, his continuing treatment, and the letter from Dr. Dilks to Jacob Goehring."[13]

**II.**

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states . . . ." 28 U.S.C. § 1332(a)(1). Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending," unless Congress provides otherwise. Jurisdictional facts supporting removal are assessed at the time of removal. *Louisiana v. Am. Nat'l Prop. Cas. Co.*, 746 F.3d 633, 636–37 (5th Cir. 2014).

The defendant or defendants must file a notice of removal pursuant to 28 U.S.C. § 1446. Generally,

> [t]he notice of a removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1).

---

[13] R. Doc. No. 1.

3

"When considering a motion to remand, the removing party bears the burden of showing that removal was proper." *Benson v. Family Health Center Inc.*, 339 F. App'x 486, 487 (5th Cir. 2009) (per curiam) (considering whether defendant timely filed its notice of removal); *see also Yu-Wen Chiu v. Lincoln*, No. 18-6308, 2018 WL 4205423, at *3 (E.D. La. Sept. 4, 2018) (Lemelle, J.) ("Defendant has not carried his burden of demonstrating that removal is timely."). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno*, 276 F.3d at 723 (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

The parties disagree about when the thirty-day removal period began to run. Specifically, the parties dispute when the defendants could ascertain that the amount in controversy exceeded $75,000. Since the later-served party, Danni Productions, was served on June 14, 2018, and defendants did not remove the lawsuit until August 15, 2018, LeBrun argues that removal was untimely because the lawsuit was removed over thirty days after service of the state court petition on Danni Productions.[14] Alternatively, LeBrun argues that defendants should have known that the case was removable after the June 11, 2018 deposition because the parties discussed LeBrun's alleged injuries "in detail" and LeBrun provided CBS with a settlement demand in excess of $75,000.[15]

---

[14] R. Doc. No. 9-1, at 1.
[15] R. Doc. No. 9-2, at 2.

4

Defendants, on the other hand, assert that the case was not removable based on the state court petition because the petition neither states a monetary amount nor "indicate[s] that the case value may be over the jurisdictional amount."[16] Defendants further argue that the case was not removable after the June 11, 2018 deposition because "plaintiff limit[ed] his physical injuries to stomach pains and headaches. He also admit[ted] to prior psychiatric treatment." [17] Rather, defendants assert that the case did not become removable until July 30, 2018 when defendants received Dr. Dilks's letter in response to their subpoena duces tecum, which constitutes an "other paper" under 28 U.S.C. § 1446(b)(3).[18] Therefore, they argue, the August 15, 2018 removal was timely.[19]

## III.

First, LeBrun asserts that "the defendants' removal in this matter is, by its face, untimely," because the notice of removal was filed over thirty days after service of the state court petitions on both defendants.[20]

Generally, the court looks to the state court petition to determine the amount in controversy. *Manguno*, 276 F.3d at 723 (citing *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)). Louisiana law, however, prohibits plaintiffs from including a monetary amount in the state court petition. La. Code Civ. P. art. 893(A)(1).

---

[16] R. Doc. No. 12, at 1.
[17] R. Doc. No. 12, at 1–2.
[18] R. Doc. No. 1, at 4.
[19] R. Doc. No. 1, at 4.
[20] R. Doc. No. 9-1, at 2.

The issue before the Court is not an "amount dispute" in which a "defendant removed a case within thirty days of receiving initial pleadings—before the amount in controversy was clearly established—and the plaintiff moved to remand, objecting that the amount in controversy had not been met." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 398 (5th Cir. 2013). Rather, before the Court is a "timeliness dispute" in which "the plaintiff tries to avoid removal by arguing that it was clear from the initial pleadings that the case was removable such that the defendant has missed the deadline and is forever barred from removing." *Id.*

When the issue is the timeliness of the removal, the inquiry is whether "the initial pleading 'affirmatively reveals on its face' that the plaintiff[] sought damages exceeding the jurisdictional amount." *Id.* at 400 (quoting and affirming *Chapman*, 969 F.2d at 163 ("[T]he thirty day time period in which a defendant must remove a case starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount in federal court.")).

In adopting the above stated rule in *Chapman*, the Fifth Circuit specifically rejected the plaintiff's argument that the defendant had a duty to exercise due diligence to determine the amount in controversy from the initial pleading. *Chapman*, 969 F.2d at 163. This policy avoids having the courts "expend needlessly their resources trying to determine what the defendant knew at the time it received the initial pleading and what the defendant would have known had it exercised due diligence." *Id.* The rule also seeks to avoid premature removal by defendants. *Id.*

6

Thus, the Fifth Circuit requires that where a plaintiff cannot claim a jurisdictional amount in the state court petition, the plaintiff must "place in the initial pleading a *specific allegation that damages are in excess of the federal jurisdictional amount*" if he wants the thirty-day time period to begin to run when plaintiff serves the petition on defendants. *Mumfrey*, 719 F.3d at 399 (quoting *Chapman*, 969 F.2d at 163).

This case involves an initial state court petition and an amended state court petition. Although LeBrun does not differentiate between the two petitions in his motion for remand,[21] the Court will consider removability as to each petition in turn.

**A.**

First, the initial state court petition served on CBS was not sufficient to make the case removable. The initial petition does not include a specific allegation that LeBrun is claiming damages in excess of the federal jurisdictional amount, nor does it make any mention of a jurisdictional amount. Rather, LeBrun requests "compensatory damages as might be determined by this Honorable Court" for past, present, and future medical expenses; past, present, and future physical pain and suffering, including stomach pain, headaches, insomnia, and anxiety; past, present, and future mental pain and anguish including post-traumatic stress disorder; inconvenience, loss of gratification, loss of enjoyment of life, and lost wages; and "[s]uch other damages, the form and substance of which will be more fully shown at trial on the merits of these proceedings and revealed during discovery herein."[22]

---

[21] *See* R. Doc. No. 9-1, at 1.
[22] R. Doc. No. 11-1, at 2–3 & 8–9.

7

LeBrun's argument—that removal was untimely because CBS should have known that the jurisdictional amount was met based on the state court petition—fails. That argument requires the Court to speculate as to what CBS knew or would have known with due diligence, which is exactly what *Chapman* rejected. Thus, the time period for removal did not begin to run against CBS after service of the initial state court petition.

**B.**

Similarly, the amended state court petition that added Danni Productions to the lawsuit was not sufficient to trigger the thirty-day removal period.

Where there are multiple defendants in the lawsuit that have been served at different times, the last-served defendant will have thirty days from service to remove the action, and the earlier-served defendants may join the removal. § 1446(b)(2)(B)–(C). "[I]f the case stated by the initial pleading is not removable, then notice of removal must be filed within thirty days from the receipt of an amended pleading, motion, order, or other paper from which the defendant can ascertain that the case is removable." *Decatur Hosp. Auth. v. Aetna Health, Inc.*, 854 F.3d 292, 297 (5th Cir. 2017) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir. 1992)); *see also* 28 U.S.C. § 1446(b)(3).

LeBrun served the amended petition on Danni Productions on June 14, 2018.[23] The amended petition only added Danni Productions as a defendant; it neither amended LeBrun's initial claim for damages, nor did it make a more specific demand

---

[23] R. Doc. No. 9-1, at 1; R. Doc. No. 1, at 2.

8

for monetary relief that might have triggered the removal period.[24] Although Danni Productions is a later-served defendant, the amended petition did not trigger the removal period, and CBS and Danni Productions could not have filed a notice of removal based on the amended petition alone.

In sum, LeBrun's assertion that defendants' removal was, "by its face, untimely" is rejected.

## IV.

LeBrun next argues that defendants should have known that the amount in controversy exceeded $75,000 after the June 11, 2018 deposition because the parties discussed LeBrun's injuries "in detail." Therefore, he argues that the case became removable on that date.

If a case is not removable based on the initial pleadings, but later becomes removable, it must be removed within thirty days of "receipt by defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "The Fifth Circuit has indicated that the 'other paper' conversion requires a *voluntary act by the plaintiff.*" *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 254 (5th Cir. 1961) (emphasis in original)). "A defendant's subjective knowledge cannot convert a case into a removable action." *Id.* (citing *Chapman*, 969 F.2d at 163).

---

[24] *Compare* R. Doc. No. 1-2 *with* R. Doc. No. 1-4.

9

The Fifth Circuit has held that oral testimony at a deposition is not sufficient to trigger the time period for removal. *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 607–12 (5th Cir. 2018). "The plain meaning of, purpose of, and policy considerations behind § 1446(b) all support the conclusion that oral testimony at a deposition does not constitute 'other paper.' . . . To say that a defendant receives a copy of the information upon oral testimony defies logic." *Id.* at 607–08. As defendants point out, LeBrun "fails . . . to designate any testimony which would support the requirement that this case has a value in excess of $75,000.00,"[25] and LeBrun cannot rely on defendants' subjective knowledge. Therefore, LeBrun's contention that the parties' testimony at the deposition would trigger the time period for removal is also rejected.

Notably, the Fifth Circuit has held that receipt of a deposition transcript can constitute "other paper" and therefore trigger the removal period. *Morgan*, 879 F.3d at 612; *S.W.S. Erectors*, 72 F.3d at 494. Here, however, the parties do not provide if or when a transcript of the deposition was received by them, or what information that transcript might contain. Without having the opportunity to review the transcript, or knowing exactly the substance of the transcript, the Court is powerless to decide whether it suffices as an "other paper" which would trigger the removal period.

V.

Nevertheless, LeBrun's case became removable when LeBrun provided CBS with a demand letter for an amount exceeding $75,000. The Fifth Circuit has held

---

[25] R. Doc. No. 12, at 1.

that "a post-complaint letter, which is not plainly a sham, may be 'other paper' under § 1446(b)." *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000) (footnote omitted).[26]

In *Addo*, plaintiff filed a lawsuit in state court seeking actual damages in the amount of $5000 and punitive damages "not to exceed $65,000." *Id.* at 760. Defendant offered plaintiff a $5000 settlement, to which plaintiff countered with an offer "to settle the suit for an amount in excess of $75,000." *Id.* Specifically, plaintiff's letter read: "In our telephone conversation of August 21, 1997, it is my understanding that you offered $5,000 to settle the above referenced case. We counter offer with $250,000. This offer will stand until Friday, September 5, 1997." *Id.* at 760 n.1. Defendant did not remove the case until months later, after plaintiff refused to confirm that the amount in controversy did not exceed $75,000. *Id.* at 760. When defendant removed the case, plaintiff filed a motion to remand, which the district court denied. *Id.* The Fifth Circuit reversed, finding that plaintiff's demand letter "gave [defendant] notice that the amount in controversy exceeded $75,000," and defendant's removal was untimely. *Id.* at 761. This holding, the Fifth Circuit explained, "is consistent with the purpose of the removal statute to encourage prompt resort to federal court when a

---

[26] The Fifth Circuit has also held, however, that a demand letter received before the receipt of the initial pleading does not constitute "other paper." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992) ("By its own terms the statute requires that if an 'other paper' is to trigger the thirty-day time period of the second paragraph of § 1446(b), the defendant must receive the 'other paper' only after it receives the initial pleading.").

11

defendant first learns that the plaintiff's demand exceeds the federal jurisdictional limit." *Id.* at 762.

After LeBrun served the state court petition on CBS, on the same day as the above-mentioned deposition, June 11, 2018, LeBrun provided CBS with a demand letter for an amount exceeding the $75,000 jurisdictional limit.[27] Defendants admit that they received LeBrun's letter at that time, but argue that the "demand letter was totally void of any support" and rather "vague, non-specific, and conclusory."[28]

Unfortunately, neither party has produced this demand letter or provided the contents of the letter to the Court. However, LeBrun's letter is certainly a voluntary act by him sufficient to convert the letter to "other paper" under § 1446(b)(3), and, having not been provided with a copy of the demand letter or an agreement as to its terms, the Court cannot conclude on the record presented that the demand letter was plainly a sham. Therefore, LeBrun's settlement demand for an amount that exceeded $75,000, which was not plainly a sham, was "other paper" sufficient to trigger the period of removability under § 1446(b)(3).[29]

---

[27] R. Doc. No. 9-1, at 2; R. Doc. No. 12, at 2.
[28] R. Doc. No. 12, at 2–3.
[29] As the Court finds that the settlement demand letter constituted "other paper" as described herein, the Court need not reach defendants' argument that the case became removable when defendants received the letter from LeBrun's physician, Dr. Dilks. Defendants state that the letter was received on July 30, 2018, over thirty days after the case became removable on June 14, 2018. R. Doc. No. 1, at 3. Since defendants did not remove within thirty days of receiving the letter, their subsequent removal was improper. *See Addo*, 230 F.3d at 762.

## CONCLUSION

LeBrun's case became removable on June 11, 2018. Therefore, CBS had thirty days from June 11, 2018 to remove the case to this Court. However, since Danni Productions was served on June 14, 2018, after receipt of the letter and after the case became removable, defendants had thirty days from June 14, 2018 to remove the case to this Court. *See* 28 U.S.C. § 1446(b)(2)(B). Defendants removed the case on August 15, 2018, over sixty days after service on the second defendant. Construing all ambiguities in favor of remand, the Court finds that defendants have not met their burden of proving that removal was timely.

For the foregoing reasons,

**IT IS ORDERED** that LeBrun's motion for remand is **GRANTED** and the case is remanded to the 34th Judicial District Court of St. Bernard Parish.

New Orleans, Louisiana, October 22, 2018.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**